# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE C. (JAY) CROSSON, PH.D, <br><br> Plaintiff, <br><br> -vs.- <br><br> TMF HEALTH QUALITY INSTITUTE, STEPHEN D. THOMAS, DEBBIE LOVATO, THOMAS MANLEY, ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), <br><br> Defendants. | Civil Action No.: _____ <br><br><br> **NOTICE OF REMOVAL** |

**TO:   THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441(b), 1332(a) and 1446, Defendants TMF Health Quality Institute ("TMF"), Stephen D. Thomas ("Thomas"), Debbie Lovato ("Lovato") and Thomas Manley ("Manley") (collectively "Defendants") hereby file this Notice of Removal of the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendants respectfully offer the following:

## THE COMPLAINT

1.     Plaintiff Jesse C. (Jay) Crosson, Ph.D ("Plaintiff") commenced this action on November 10, 2020 by filing a Complaint and Demand for Jury Trial ("Complaint") in the Superior Court of New Jersey, Law Division, Middlesex County, captioned <u>Jesse C. (Jay)</u>

Crosson, Ph.D v. TMF Health Quality Institute, et al., Docket No. MID-L-007812-20 (the "State Court Action"). The State Court Action is currently pending in the Superior Court of New Jersey, Law Division, Middlesex County.

2. Defendants received a copy of the Complaint on November 16, 2020. This Notice of Removal is filed within 30 days of November 16, 2020, as required by 28 U.S.C. § 1446(b).

3. Attached as Exhibit A is a copy of all "process, pleadings and orders" served upon Defendants in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## GROUNDS FOR REMOVAL

4. Removal of the State Court Action to federal court is based upon diversity of citizenship under 28 U.S.C. §§ 1441(c) and 1332(a).

5. It is undisputed that the State Court Action is between citizens of different states. See Compl. ¶ 1 alleging that Plaintiff is a resident of Middlesex County, New Jersey and Compl. ¶¶ 2-5 confirming that all Defendants are citizens of Texas.

6. For diversity jurisdiction purposes, TMF is deemed a citizen of its state of incorporation and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). As set forth in Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010):

> [T]he phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters.

(citations omitted).

7. At the time the State Court Action was filed, TMF was (and is) a 501(c)(3) nonprofit entity that was organized under the laws of Texas. In addition, TMF's principal place of business is in Austin, Texas.

8. The amount of the matter in controversy in the State Court Action is unstated in the Complaint. Where, removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," Boone v. Save-A-Lot Food Stores, Ltd., No. 1:13-CV-01792-JEI, 2013 WL 2459860, at *2 (D.N.J. June 6, 2013) (citing 28 U.S.C. § 1446(c)(2)(A) and Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007)).

9. Moreover, a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(c)(2)(A). See Windsor at Mariner's Tower v. Greene, No. CIV.A. 13-5128 WJM, 2014 WL 220680, at *2 (D.N.J. Jan. 17, 2014) (removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000) and Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 565 (D.N.J. 2000).

10. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Vaccaro v. Amazon.com.dedc, LLC, No. CV 18-11852 (FLW), 2019 WL 1149783, at *3 (D.N.J. Mar. 13, 2019) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

11. Defendant needs only to provide grounds for removal in a "short plain statement" Vaccaro, 2019 WL 1149783, at *3 (citations omitted). Moreover, "[n]o evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court. Id.

12. The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00, see 28 U.S.C. § 1332(a), based on the following:[1]

   a. Plaintiff alleges causes of action against Defendants pursuant to the New Jersey Law Against Discrimination ("LAD"). The Complaint identifies twenty-seven (27) categories of damages sought by Plaintiff, including "reinstatement of employment and all benefits." Plaintiff also seeks "compensatory and equitable relief, all remedies available under the LAD, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit." See Exhibit A, Complaint, pages 49-55.

   b. According to a reasonable reading of the Complaint, and a preponderance of the evidence, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. See Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff sets no limit for damages, the Court should make a reasonable reading of the value of the claim asserted and come to an independent valuation of the amount plaintiff has claimed).

   c. An analysis of "[t]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Auto-Owners Ins. Co. v. Stevens & Ricci, 835 F.3d 388, 401 (3d Cir. 2016) (quoting Angus, 989 F.2d at 146). Under a reasonable reading of the Complaint allegations, removal is appropriate unless it "appears to a legal

---

[1] Defendants do not concede that Plaintiff's factual allegations are true, or that Plaintiff's claims have any merit. Defendants provide this information only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole, far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

certainty that the plaintiff cannot recover the jurisdictional amount." <u>Frederico</u>, 507 F.3d 188, at 197. Here, Plaintiff claims to have been a "high level corporate executive" at TMF. A reasonable estimate of Plaintiff's alleged economic losses (e.g. back pay, front pay and loss of benefits) should he prevail, exceed the sum or value $75,000.00. <u>See</u> <u>Angus</u>, 989 F.2d at 146.

d. Moreover, Plaintiff seeks attorney's fees, which are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." <u>Goralski v. Shared Techs., Inc.</u>, No. CIV.A. 09-2461 (KSH), 2009 WL 2460752, at *5 (D.N.J. Aug. 7, 2009) (citation omitted). <u>See</u> <u>also</u> <u>Vaccaro</u>, 2019 WL 1149783, at *3 (D.N.J. Mar. 13, 2019) (citing <u>Alegre v. Atl. Cent. Logistics</u>, No. 15-2342, 2015 WL 4607196, at *6, 2015 U.S. Dist. LEXIS 100214, at *16 (D.N.J. July 31, 2015) in noting that attorneys' fees "must be included as part of the [amount in controversy determination] where same is recoverable by statute."

e. Because the LAD provides for recovery of attorney's fees should Plaintiff prevail, such costs should be calculated as part of the amount in controversy requirement. <u>See</u> <u>N.J.S.A § 10:5-27.1</u>.

f. Plaintiff also seeks punitive damages. "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages." <u>See</u> <u>Goralski</u>, 2009 WL 2460752, at *5 (D.N.J. Aug. 7, 2009) (citation omitted).

g. Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy exceeds the jurisdictional

minimum of $75,000.00. See Frederico, 507 F.3d 188, at 197 (aggregating punitive damages and attorney's fees when calculating amount in controversy); see also Raspa v. Home Depot, 533 F.Supp.2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement").

13. Accordingly, based on the face of the Complaint, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1332(a), which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

14. This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

15. Attached as Exhibit B is a copy of the Notice of Filing of the Notice of Removal to the Clerk of the Superior Court, which is being filed with the New Jersey Superior Court Clerk, Law Division, Middlesex County, as required by 28 U.S.C. § 1446(d).

16. Attached hereto as Exhibit C is a copy of the Notice to Adverse Party of Filing of Notice of Removal, which is being served on Plaintiff's counsel, Matthew Luber, Esq., McOmber & McOmber, P.C., 39 E. Main Street, Marlton, New Jersey 08053, pursuant to 28 U.S.C. § 1446(a).

17. By filing the Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses available to them at law, in equity or otherwise. Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions.

18. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action. Defendants additionally request that this action proceed in this Court as an action properly removed to it.

Dated: December 11, 2020
River Edge, New Jersey

WINGET, SPADAFORA
& SCHWARTZBERG, LLP

s/ Robyn Silvermintz
Robyn Silvermintz, Esq.
65 East Route 4, Suite 201
River Edge, NJ 07661
Tel: 973-221-8200
Fax: 973-221-8201

*Attorneys for Defendants TMF Health Quality Institute, Stephen D. Thomas, Debbie Lovato and Thomas Manley*